HAUGHTON *v.* PIERCE PETROLEUM CORPORATION.

Opinion delivered January 21, 1929.

*Murphy & Wood* and *R. B. Haughton,* for appellant.
*Martin, Wootton & Martin,* for appellee.

HUMPHREYS, J. This suit was brought by appellant against appellees in the circuit court of Garland County to recover both actual and punitive damages for an alleged malicious assault and battery committed upon him by three employees of the Pierce Petroleum Corporation while acting in the scope of their authority for said corporation.

Appellees filed answers, denying the material allegations in the complaint.

The cause was submitted upon the pleadings, testimony adduced, and instructions of the court, resulting in a verdict and consequent judgment against appellant, from which is this appeal.

The main contention of appellant for a reversal of the judgment is that the court gave instructions numbers 10, 14, 16 and 19 to the jury, at the request of appellees, which were inherently erroneous, and which were in conflict with instruction number 1 given at the request of appellant, correctly declaring the law applicable to the case.

Appellant resides on the Albert Pike Highway, about one-half mile from Hot Springs. A lane 12 or 14 feet wide leads from the pike to his house. The lane is intersected by a branch about 30 feet from the highway, over which a wooden bridge is constructed. Pierce Petroleum Corporation is vending oil in Hot Springs. Appellant ordered some fifty or sixty gallons of oil, which was delivered in a truck driven by W. N. Johnson, an employee of said corporation. In passing over the bridge the truck broke through. In returning it again broke through, and Johnson could not get it out without help. Another employee by the name of M. E. Rutledge was sent out to assist Johnson. Fred L. Taylor, the manager of the company, went out later to take one of the employees a raincoat. A dispute arose between appellant

and Taylor as to whether the company was liable for the damage which was done to the bridge, which resulted in a fight, in which appellant was badly beaten up. Appellant testified that he was attacked by Rutledge, and before the fight was over he was also assaulted by Taylor and Johnson. His testimony was contradicted by all three of them, who testified, in substance, that appellant first abused and assaulted Rutledge, who fought in self-defense, and that Rutledge was not assisted by either Johnson or Taylor, but, on the contrary, Taylor made every effort possible to prevent Rutledge from striking appellant.

The latter part of instruction number one, given at the instance of appellant, told the jury that: "While so making repairs or so discussing liability (if either of the same is so found by the jury), any one, or more, of said Johnson, Rutledge or Taylor intentionally and maliciously made an intentional, wicked, malicious and violent assault on plaintiff, and thereby (if so found) intentionally, wickedly and maliciously beat and bruised plaintiff in the face and on other parts of his body, and that by reason thereof (if so found) plaintiff was injured in any manner as set forth in the other instructions of the court, then the jury will find a verdict for the plaintiff against such of said defendants as the jury may find (if they do so find) so assaulted and beat plaintiff; and if the jury further believe and find from the evidence that any one or more of said defendants against whom the jury may find a verdict, as aforesaid (if the jury do so find), was at the time of said assault acting in the scope of his authority or duty to defendant, Pierce Petroleum Corporation, then the jury will also find a verdict for the plaintiff against defendant, Pierce Petroleum Corporation."

This instruction correctly presented the law applicable to the facts under appellant's theory of his case. It will be observed that, under this instruction, the jury would not be warranted in returning a verdict for all of the appellees if Rutledge was justified and the others

were not. The contention of appellant is that instructions numbers 10, 14, 16 and 19, given at appellee's request, instructed the jury in effect to return a verdict for all the appellees in case it was found that Rutledge's conduct was justifiable. It will be only necessary to quote instruction number 10 in this opinion, as the same alleged error runs through all the instructions. Instruction number 10 given at the request of appellees is as follows:

"You are instructed that insulting and abusive language will not justify an assault; but, if one is assaulted, he may prove the aggression of his adversary not only in mitigation of damages, but as an absolute defense for any liability for any damage, provided he used no more force in repelling the assault than appeared to him to be reasonably necessary for that purpose; and if you believe from a preponderance of the evidence that the plaintiff assaulted the defendant, Rutledge, and that Rutledge repelled said assault, using no more force than appeared to him, acting as a reasonably prudent person, under all circumstances, to be necessary to prevent bodily harm to himself, you are instructed that your verdict should be for the defendants."

Instruction number 10 and likewise 14, 16 and 19, requested by appellees and given by the court, are inherently wrong for the reason suggested by appellant, and are in direct conflict with instruction number 1, which the court gave at the request of appellant. We do not think that it can be said that instruction number 1 cured the defect in the other instructions. Where one instruction is correct and the other is inherently wrong, and they are contradictory of each other, they necessarily involve the issue, and are misleading and prejudicial.

On account of the error indicated the judgment is reversed, and the cause is remanded for a new trial.

McHANEY, J., dissents.